UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT S. WALDMAN<br>1710 Dorham Court<br>Blue Bell, PA 19422,<br>    PLAINTIFF | :<br>:<br>:<br>: | No. |
| v. | :<br>: | Jury Trial Demanded |
| TROOPER T. BRADFORD,<br>Individually and in his<br>Capacity as a Pennsylvania<br>State Police Officer<br>And<br>TROOPER K. EVERETT<br>Individually and in his<br>Capacity as a Pennsylvania<br>State Police Officer,<br>Pennsylvania State Police<br>Belmont Barracks<br>2201 Belmont Ave.<br>Philadelphia, PA 19139,<br>    DEFENDANTS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

## **COMPLAINT**

## **JURISDICTION**

1.  This is a civil action seeking damages and injunctive and declaratory relief against defendants for committing acts under color of state law, depriving plaintiff of rights secured by the Constitution and laws of the United States.  Defendants, while acting in their capacities as officers of the Pennsylvania State Police, in the Counties of Philadelphia and of Montgomery, State of Pennsylvania, deprived plaintiff of his liberty without probable cause, subjected him to an unlawful and unreasonable seizure of his person and to an unlawful and unreasonable search, thereby depriving plaintiff of his

rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.  The Court has jurisdiction of this action under 42 U.S.C. §1983 and under 28 U.S.C. §1343.

2.  The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

3.  The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 for the state law claims of assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress.

## VENUE AND PARTIES

4.  Plaintiff Robert S. Waldman is a resident of Montgomery County, Pennsylvania, and a citizen of the United States.

5.  Defendants, Trooper T. Bradford, badge number 7298, and Trooper K. Everett, were, at all times material to this Complaint, duly appointed officers of the Pennsylvania State Police, Highway Patrol, assigned to the Belmont Barracks in the City of Philadelphia.  At all times material to this Complaint, these defendants acted toward plaintiff under color of the law of the State of Pennsylvania, and under color of the customs and usages of the Pennsylvania State Police.

## JURY DEMAND

6.  Plaintiff demands a jury for all counts that are triable by a jury.

## BACKGROUND OF THE CONTROVERSY

7.  On or about April 28, 2001, plaintiff, his wife and friends were driving West on Route 76, returning home to Montgomery County from the City of Philadelphia.

8. At approximately 11:00 p.m. plaintiff's vehicle, traveling in the right Westbound lane, was very forcefully struck in the rear by another vehicle. This collision occurred approximately 100 to 500 feet East of the Belmont exit.

9. Plaintiff pulled his car over onto the shoulder of the roadway immediately past, (to the West of), the Belmont exit. Plaintiff believed that the car that hit his then struck the traffic barrier wall and that the driver could be seriously injured. Using a cell phone a passenger in plaintiff's car telephoned the State Police to report the accident.

10. State Police and an ambulance arrived at the accident scene where the striking vehicle had in fact hit the wall. Police closed the right lane of Westbound Route 76 and began to direct traffic around the accident scene.

11. Since no police arrived at the location of plaintiff's vehicle, using his cell phone, plaintiff called the State Police on two separate occasions to request assistance.

12. Approximately 30 minutes after police had arrived at the scene, no police or emergency personnel had come to plaintiff's vehicle. Because plaintiff's vehicle was located a few hundred feet West, plaintiff believed that the police could be unaware that his vehicle had also been involved in the same accident. Therefore, plaintiff walked from his car toward the State Police car then on the scene.

13. As plaintiff approached defendant Trooper Bradford who was directing traffic, plaintiff said, "Officer we were also involved in this accident."

14. Defendant Trooper Bradford's initial response was to scream at plaintiff, stating that he was going to give plaintiff a test. Plaintiff repeated that he had been involved in the accident. Defendant Trooper Bradford gave plaintiff a field sobriety test. Plaintiff walked in a straight line, held his left foot up, and counted as instructed.

Thereafter, defendants handcuffed plaintiff behind his back and placed him in the State Police vehicle.  When plaintiff protested, defendant Trooper Bradford threatened to "hurt" him.

15. Defendants transported plaintiff to the Bridgeport Fast Track Facility in Montgomery County.  They arrived at that facility at approximately 12:30 a.m..  Corporal McDonald of the Montgomery County Sheriff's office administered a breathalyzer test to plaintiff.

16. While at the Bridgeport Fast Track Facility, defendant Trooper Bradford told plaintiff, "I could charge you with aggravated assault because you poked me with your finger."  Plaintiff did not poke or initiate any physical contact with either of the defendants.

17. While at the Bridgeport Fast Track Facility, defendant Trooper Bradford told plaintiff, "I arrested another lawyer for a DUI and he was held for $100,000 bail."

18. The breathalyzer test results were .02%, proving that plaintiff was not intoxicated.

19. Thereupon plaintiff asked to be released, stating that his wife would come to pick him up.

20. Defendants again handcuffed plaintiff, and put him back into their State Police vehicle.  Defendants transported plaintiff to the State Police Belmont Barracks, where they photographed and fingerprinted him and arrested him for Driving Under the Influence.

21. Defendant Trooper Bradford told plaintiff that, "This will be in the newspaper."

22. Plaintiff arrived at the State Police Belmont Barracks at about 1:15 a.m.. He was released from police custody at about 2:15 a.m., April 29, 2001.

23. Plaintiff never received any written notification of the charges against him. Plaintiff was never arraigned.

## COUNT I - 42 U.S.C. §1983

24. Plaintiff realleges paragraphs 1-23.

25. At all times material to this Complaint, defendants acted under color of state law.

26. Defendants had no probable cause to administer a field sobriety test to plaintiff. They had no evidence of any violation of law by plaintiff.

27. By taking plaintiff into custody following the field sobriety test, defendants deprived plaintiff of his liberty without probable cause. Defendants' actions constituted an unreasonable seizure of plaintiff's person, thereby depriving him of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

28. By continuing to hold plaintiff in custody and formally arresting him following proof by breathalyzer results that plaintiff was not intoxicated, defendants deprived plaintiff of his liberty without probable cause. Defendants' actions constituted an unreasonable seizure of plaintiff's person, thereby depriving him of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. By photographing and fingerprinting plaintiff following proof by breathalyzer results , defendants conducted an unlawful and unreasonable search and seizure.

30. Defendants, by their actions set forth above, maliciously, with evil intent, and in knowing disregard for plaintiff's rights, unlawfully and unreasonably seized and searched plaintiff's person.

## COUNT II – ASSAULT

31. Plaintiff realleges paragraphs 1-23.

32. Defendants, by their actions set forth above, intended to put plaintiff in reasonable apprehension of an immediate battery.

33. Defendants, by their actions set forth above, maliciously, with evil intent, and in knowing disregard of plaintiff's rights, put plaintiff in reasonable apprehension of an immediate battery.

## COUNT III – BATTERY

34. Plaintiff realleges paragraphs 1-23.

35. Defendants, by their actions set forth above, inflicted on plaintiff offensive physical contact.

36. Defendants, by their actions set forth above, maliciously, with evil intent, and in knowing disregard of plaintiff's rights, inflicted on plaintiff offensive physical contact.

## COUNT IV – FALSE ARREST

37. Plaintiff realleges paragraphs 1-23.

38. Defendants, by their actions set forth above, taking plaintiff into custody following the field sobriety test, falsely arrested plaintiff.

39. Defendants, by their actions set forth above, continuing to hold plaintiff in custody and formally arresting him following proof by breathalyzer results that plaintiff was not intoxicated, falsely arrested plaintiff.

40. Defendants, by their actions set forth above, maliciously, with evil intent, and in knowing disregard of plaintiff's rights, falsely arrested plaintiff.

## COUNT V – FALSE IMPRISONMENT

41. Plaintiff realleges paragraphs 1-23.

42. Defendants, by their actions set forth above, taking plaintiff into custody following the field sobriety test, falsely imprisoned plaintiff.

43. Defendants, by their actions set forth above, continuing to hold plaintiff in custody and formally arresting him following proof by breathalyzer results that plaintiff was not intoxicated, falsely imprisoned plaintiff.

44. Defendants, by their actions set forth above, maliciously, with evil intent, and in knowing disregard of plaintiff's rights, falsely imprisoned plaintiff.

## COUNT VI – INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

45. Plaintiff realleges paragraphs 1-23.

46. Defendants by their extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to plaintiff.

47. Defendants, by their actions set forth above, maliciously, with evil intent, and in knowing disregard of plaintiff's rights, intentionally inflicted him with emotional distress.

WHEREFORE, PLAINTIFF ROBERT S. WALDMAN demands judgment in his favor, and against defendants Trooper T. Bradford and Trooper Everett, providing the following:

a.  judgment against defendants, jointly and severally, for compensatory damages in an amount in excess of fifty thousand dollars, ($50,000);

b.  judgment against defendants, jointly and severally, for punitive damages for their malicious, and intentional violation of the law;

c.  grant interest, cost of suit, and reasonable attorney's fees;

d.  declare that defendants' actions were a violation of plaintiff's Constitutional rights.

e.  enjoin defendants from future violations of plaintiff's Constitutional rights while defendants are acting under color of state law.

_____
Margaret S. Phiambolis
1012 Bethlehem Pike
Suite 103
P.O. Box 356
Spring House, PA 19477
215- 628-8227

Attorney for Plaintiff,
Robert S. Waldman