IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT S. WALDMAN : | |
|     Plaintiff : | Civil Action |
| : | |
| v. : | No. 02-4091 |
| : | |
| TROOPER T. BRADFORD and : | |
| TROOPER K. EVERETT : | |
|     Defendants | |

**PLAINTIFF ROBERT S. WALDMAN'S SUR REPLY TO
DEFENDANTS' RESPONSE TO CROSS MOTION FOR SUMMARY JUDGMENT**

I. NATURE AND STATUS OF ACTION

Waldman incorporates by reference his Memorandum of Law In Support of His Cross Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment (hereafter "Waldman's Memo") filed on December 17, 2002.

On or about December 20, 2002 defendants filed a memorandum in Response to Plaintiff's Cross Motion for Summary Judgment.

Now, Waldman files this sur reply to defendants' response to his cross motion for summary judgment.

II. ARGUMENT

    A. Defendants Were Statutorily Required to Release Waldman When His BAC Was Known to Be .02%

The language of 75 Pa.C.S.A §1547 is clear and unambiguous, (quoted in Waldman's Memo p. 10). Where chemical testing of a person's breath is performed and the alcohol by weight in the blood of an adult is .05% or less, it is presumed that the

person is <u>not under the influence of alcohol and the person shall not be charged with any violation</u> of the driving under the influence statute 75 Pa.C.S.A. §3731 (a)(1) or (4) (quoted in Waldman's Memo p. 10). Furthermore, <u>if the adult was so charged prior to a breath test, then the charge shall be void ab initio.</u> 75 Pa.C.S.A §1547. This last sentence addresses those situations where a police officer may have probable cause to believe that an individual was driving under the influence of alcohol, results of a field sobriety test for example, and so has a breath or other chemical test administered. Once the results of the breath or other chemical test are known, and the blood alcohol content is .05% or less, then the charge <u>shall be</u> void ab initio. Waldman's BAC was .02%. No lawful charge of DUI could have been brought against Waldman following return of his BAC test.

      In disregard of this plain language, defendants argue that 75 Pa.C.S.A §1547, "...Does not prohibit the filing of charges if the officer has other evidence that would lead him to believe that the individual was driving under the influence of alcohol nor has Waldman cited to any case which would support his position." (Defendants' Reply Memo p. 4). This argument is meritless. Furthermore, it is not even factually supported by the record. Defendants knew that when the breath test result was a BAC of .02% there was no basis to proceed with the prosecution. At his deposition Bradford testified that following return of the breath test with a BAC of .02% he made the determination that there was insufficient evidence to proceed with prosecution. (Waldman's Memo p. 7 quoting, Ex. "B", Bradford dep. p. 41 ln.18 to p. 42, ln.14.) Everett testified that he just went along with Bradford. (Waldman's Memo p. 8 quoting Ex. "D", Everett dep. p. 57, ln. 5-16.)

B.  Bradford Did Not Have Reasonable Suspicion to Have Waldman Perform a Field Sobriety Test

At the time Bradford ordered Waldman to perform a field sobriety test he did not have reasonable suspicion to believe that Waldman had been operating a vehicle. Bradford stated in his deposition, at two places, that he first noticed Waldman when Waldman was approaching him.  Bradford's statements as to when he first saw Waldman are cited to Bradford's deposition in Waldman's Memo p. 4.  Bradford did not have articulable and reasonable grounds to believe that Waldman was operating the vehicle when he ordered Waldman to perform field sobriety tests.   Bradford did not have reasonable suspicion to believe that each of the elements of a driving under the influence offense had occurred.  Therefore detection of an odor of alcohol on Waldman's breath alone was not sufficient to administer a field sobriety test.

Defendants misstate Waldman's argument when they seek to cast it as coming under the exclusionary rule.  The exclusionary rule is not applicable to Waldman's case. Walman was never arraigned.  Waldman never argued to a criminal court that incriminating evidence against him should be suppressed.    Cases cited by defendants in their brief at page 5, do not apply to the instant case.  In Townes v. City of New York, 176 F. 3d 138 (2d. Cir. 1999) cert. denied 120 S. Ct. 398 (1999) a §1983 case, the Court found that the officers had probable cause to arrest Townes, the fact that in his criminal prosecution Townes successfully argued to suppress evidence arising from an unlawful stop and search could not be used to assist in making his §1983 claim where all damages arose as a result of the arrest, rather than as a result of the unlawful stop

3

and search. Id. 149.[1]  Where Wren v. Towe, 130 F.3d 1154 (5th Cir. 1997) is cited for use of the exclusionary rule in a §1983 case, it is also inapplicable to Waldman's case where no criminal DUI hearing was ever held.  In Wren a justice of the peace found that the officer had probable cause to seize a vehicle.   Subsequently it was determined that the vehicle was not the product of an illegal chop shop, as originally suspected.   In the §1983 action that followed, the Fifth Circuit articulated the applicable standard, "It is the information known at the time of the seizure and the reasonability of the inferences drawn from such information which is key. *See Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-3040 (1987); *Hunter v. Bryant*, 502 U.S. 224, 227-228, 112 S.Ct. 534, 536-537 (1991)." Wren, 1159.  The information known to Bradford, and the reasonable inferences therefrom, at the time he ordered Waldman to perform a field sobriety test were not legally sufficient to justify Bradford's actions.  See Waldman's Memo p. 11.

    C. All of the Elements of the §1983 and State Tort Claims Are Met By Defendants Actions Following Return of the BAC of .02%

If the Court were to find that an issue of material fact exists as to when Bradford first saw Waldman, (See Waldman's Memo p. 12 n.1), or that a jury question exists as to the reasonableness of administering the field sobriety test, summary judgment should still be entered for Waldman on all counts.

All elements of Waldman's §1983 claim and of his state tort claims are met by defendants' actions following their learning the BAC test results.  Even if arguendo the field sobriety test had been lawfully administered, when defendants learned that

---

[1] However, Townes 176 F. 3d 138, 144, is instructive regarding the applicability of the qualified immunity defense.  "Even in the absence of binding precedent, a right is clearly established if 'the contours of the right (are) sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " (citations omitted.)

4

Waldman's BAC was .02%, 75 Pa.C.S.A. §1547 required that defendants release Waldman.  "...If the adult (with BAC of .05% or less) was so charged prior to the test, the charge shall be void ab initio." 75 Pa.C.S.A. §1547(d)(1).   As of learning the BAC results defendants knew that Waldman had not committed any crime and that they would not charge Waldman with DUI.  Nevertheless, defendants arrested Waldman by continuing to hold him in custody.  Against his expressed wishes defendants handcuffed him, transported him to the Belmont Barracks, and continued to hold him to complete photographing and fingerprinting of a citizen whom they knew to be not guilty.

>See <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964):
>
>Whether that (warrantless) arrest was constitutionally valid depends in turn upon whether, <u>at the moment the arrest was made</u>, the officers had probable cause to make it - - whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in <u>believing that the (suspect) had committed or was committing an offense</u>. (emphasis added).

An arrest with or without a warrant, usually involves conduct which, unless privileged, is an assault and battery as well as a false imprisonment.  Restatement, Torts 2d §118, comment *b* (1965); <u>Daly v. John Wanamaker, Inc.</u>, 317 Pa. Super. 348, 464 A.2d 355 (1983).

    D. <u>Waldman Is Entitled to Summary Judgment - - Defendants Are Not Entitled to Qualified Immunity</u>

Defendants state, "Waldman has not cited to any case law which holds that it is a violation of one's constitutional rights to be photographed and fingerprinted after being arrested <u>where the officers had sufficient probable cause to believe that a crime was committed</u>." Defendants' Reply Brief p. 5.  To make this statement defendants must ignore both the facts and the law: Waldman's BAC of .02%; the requirement of 75 Pa.C.S.A. §1547 that even if one were charged prior to the BAC test, thereafter the charge shall be void ab initio; and, defendants arrest of Waldman following return of the BAC result, as set forth above.

E.  <u>Sovereign Immunity Does Not Protect Defendants on the State Tort Claims</u>

Whether defendants are protected by sovereign immunity depends upon whether they were acting with the scope of their employment.  <u>La Frankie v. Miklich</u>, 152 Pa. Cmwlth. 163,  618 A. 2d 1145, 1149 (1992).  In <u>La Frankie</u> the trial court made a determination that the arresting officer had probable cause to make the arrest, that he was acting with the scope of his employment, and therefore he was entitled to the protection of 42 Pa.C.S.A §8550 et seq.  <u>La Frankie</u> does not address the situation presented by this case where the arresting officers did not have probable cause to make the arrest.  By arresting Waldman without probable cause defendants acted beyond the scope of their employment as state troopers.  They are not protected Commonwealth employees shielded from liability on state tort claims.

III. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff respectfully asks that summary judgment be entered in his favor and against the defendants, on all claims, and that a jury trial be held only on the issue of damages, including punitive damages.

                              Respectfully submitted:

                              _____
                              Margaret S. Phiambolis
                              1012 Bethlehem Pike
                              Suite 103
                              P.O. Box 356
                              Spring House, PA 19477
                              215-628-8227

                              Attorney for Plaintiff